OPINION OF THE COURT
Loren N. Brown, J.
By a prior decision of this court, the Zoning Ordinance of the Town of Bolton was determined to be invalid, and the condominium proposed by the petitioners was found to be subject to subdivision approval. The original parties have moved for reargument. In addition, the Adirondack Park Agency has moved to intervene in the action to renew the arguments concerning the invalidity of the ordinance. At this time, the court is required to address only the motion to intervene.
The Agency seeks to intervene under the language of Execu *108 tive Law § 808 (5) which states in pertinent part: "The agency shall be a party who shall be joined, pursuant to the terms of subdivision a of section one thousand one of the civil practice law and rules, in any action initiated by or against a local government, or an instrumentality, agent or employee thereof, in which the issues to be adjudicated relate or pertain to the criteria for approval of a local land use program set forth in subdivision two of section eight hundred seven of this article”.
The issue, then, is whether this action "relate[s] or pertain[s]” to the criteria for approval of a land use program set forth in Executive Law § 807 (2).
Pursuant to section 807 (1), a town may submit its ordinance and other land use controls to the Agency for a determination that it meets the criteria of section 807 (2). Clearly, a determination by this court that the local plans are invalid would be pertinent and relevant to the criteria of section 807 (2). A decision which is adverse to the respondent’s position calls into question the necessity and utility of criteria for approving an ordinance which has been found to be invalid.
Based on the foregoing, the court finds that the Adirondack Park Agency is a proper party within the meaning of Executive Law § 808 (5). The motion to intervene is granted. Argument by all parties on the merits will be scheduled for Special Term, Saratoga County, on August 13, 1985 at 9:30 A.M.
(On reargument, October 18,1985)
By notice of motion and supporting papers, the petitioners move to reargue that portion of a decision of this court, dated January 4, 1985, which found that the Town of Bolton Planning Board has jurisdiction over the review of the petitioners’ proposed housing project as a subdivision, and which did not strike that portion of the subdivision regulations defining a condominium as a subdivision. The respondent opposes the motion and seeks reargument of that portion of the same decision which nullified certain portions of Town of Bolton Zoning Ordinance article 5. The Adirondack Park Agency has been given leave to intervene.
At some time subsequent to the commencement of this proceeding, record ownership of the proposed site of the project was transferred to one James R. Leach, Jr. Though Mr. Leach has submitted an affidavit stating that the deeds to the property are being held as security for the existing recorded mortgage on the property, the fact of the transfer, *109 coupled with the existence of the mortgage, casts substantial doubt upon the future of the proposed project. The court is loath to declare a portion of the Town of Bolton Zoning Ordinance a nullity only to have the project later abandoned.
Accordingly, the prior order of the court is declared a nullity, sua sponte, and the original petitions seeking relief pursuant to CPLR article 78 are dismissed.